By the Court.
 

 Plaintiff in error will be alluded
 

 to as the electric company, operating an interurban line running from Columbus to Marion, passing through Prospect, a village of about 1,100 inhabitants. Eichwood is a village about six miles west of Prospect, and contains about 1,800 inhabitants. The electric company applied to the Public Utilities Commission for a certificate of convenience and necessity to operate a one and one-half ton truck for freight transportation between Prospect and Eichwood. Two protestants appeared, one, the Erie Eailroad Company, furnishing steam transportation between Eichwood and Marion, and the other, the Columbus Motor Express Company, furnishing motor freight service, under certificate No. 2200, between Eichwood and Columbus, Ohio.
 

 A hearing was had, and, at the close of the applicant’s testimony, the application was denied, as was
 
 *218
 
 also a rehearing. The commission denied the application because the testimony did not disclose a showing of convenience and necessity to be served by the granting of the application. Error was thereupon prosecuted to this court.
 

 It appears from the record that the electric company delivers daily about one-half ton of freight at its Prospect Station, destined for Eichwood. There is no public freight conveyance of any character operating between Prospect and Eichwood; nor would such operation be justified, nor does the applicant desire it, unless its present application were granted.
 

 The Erie Eailroad Company furnishes satisfactory service between Eichwood and Marion, and satisfactory service is likewise furnished by the Motor Express Company between Eichwood and Columbus. This is conceded by the officials of the electric company. They also concede that, if a certificate were granted to the applicant, its service would come in direct competition with the existing transportation facilities of the protestants, and especially with those of the Motor Express Company, operating between Eichwood and Columbus; the existing facilities now operating to Eichwood are adequate; the convenience of more frequent service — that of providing two additional trips from Prospect to Eichwood — is the chief ground relied on, as forming a public necessity.
 

 The commission found that, having in view the transportation facilities into Eichwood now existing, there is no necessity for the granting of the application, and we are not inclined to reverse its order as being unreasonable in that respect. The..case of the
 
 *219
 
 applicant is based chiefly upon its claim that Rich-wood had been in the freight territory of the applicant; that for twenty-six years it had served Rich-wood, until the year 1918, by forwarding its freight by way of a connecting line at Delaware, and thence via Magnetic Springs to Richwood. This connecting line seems to have been discontinued in 1918; freight designated for Richwood was thereafter transferred to applicant’s station at Prospect, from whence the Richwood consignees would secure private carriage of their freight to the village of Richwood.
 

 The applicant will not consent to a restriction prohibiting it from carrying freight to Richwood originating at Columbus, nor, according to the statement of counsel for the Motor Express Company, would the Columbus Motor Express Company desire to continue its motor freight service between Columbus and Richwood if the application were granted; the latter stated that, if it were granted, it would apply for the abandonment of service between Richwood and Columbus, because such service would not be compensatory if this new, competing service were permitted by the commission.
 

 From the year 1918 until September, 1929, the electric company made no effort to obtain a certificated route from Prospect to Richwood. Meanwhile the Motor Express Company, relying on that situation, procured a certificated motor route from Columbus to Richwood, which, because of the dual competitive service, it might not have applied for had the electric company already invaded the field under a prior certificate.
 

 The present service is satisfactory. The commission’s finding that there was no public necessity for
 
 *220
 
 the installation of the truck service between Prospect and Richwood is neither unreasonable nor unlawful, and its order will be affirmed.
 

 Order affirmed.
 

 Kinkade, Jones, Matthias and Day, JJ., concur. Robinson, J., not participating.